COLLOTON, Circuit Judge,
concurring in the judgment.
I disagree with the court’s resolution of this appeal, because the opinion effectively applies an irrebuttable presumption that when a mentally impaired claimant fails to comply with a treatment regimen that would alleviate the impairment, the noncompliance is attributable to the mental impairment and thus not willful. This presumption stems from dicta in Pate-Fires v. Astrue, 564 F.3d 935 (8th Cir.2009), where a panel majority, citing four district court decisions but no empirical data, asserted that “federal courts have recognized a mentally ill person’s noncompliance with psychiatric medications can be, and usually is, the result of the mental impairment itself and, therefore, neither willful nor without a justifiable excuse.” Id. at 945 (emphasis added) (internal quotation omitted).
Whether noncompliance with prescribed treatment is justifiable is a factual question to be determined on the record of each case. Whether it “usually is” the result of a mental impairment is an empirical question that cannot be answered on this record. Here, the court cites no evidence to support a finding that Dennis Watkins’s mental impairments caused his noncompliance, relying only on a presumption drawn from dicta in Pate-Fires. There is some indication in the record that perhaps Watkins did not have sufficient money to purchase certain medications, *898 A.R. 145, 147, or that he avoided some medication because of undesirable side effects, A.R. 137, but other evidence suggests that he was simply “too busy” caring for his family to pursue follow-up treatment. A.R. 107, 111. This evidence may or may not establish that there was a justification for noncompliance, but it does not support a finding that the noncompliance was caused by mental illness.
I would remand the case to the agency on a narrower ground. Where a claimant fails to pursue medical treatment for an impairment, Social Security Ruling 96-7p provides that an ALJ “must not draw any inferences about an individual’s symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain the infrequent or irregular medical visits or failure to seek medical treatment.” SSR 97-7p, 1996 WL 374186, at *7 (July 2, 1996). The ruling continues that the ALJ “may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner.” Id. The ALJ in this case did not question Watkins about his noncompliance and did not address evidence suggesting that noncompliance may have resulted from poverty or a dislike for side effects, either of which may excuse failure to pursue treatment. Id. at *8. Because the ALJ’s opinion lacks an adequate discussion of these issues, I concur in the judgment remanding for further proceedings with respect to Watkins’s mental condition. See Myles v. Astrue, 582 F.3d 672, 677 (7th Cir.2009).